_____
UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No.: 8:23-cv-02445-FWS-KES	Date: April 11, 2024
Title: Ameris Bank v. Charles Kirkland Companies LLC *et al.*

Present: **HONORABLE FRED W. SLAUGHTER, UNITED STATES DISTRICT JUDGE**

| Melissa H. Kunig | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**PROCEEDINGS: (IN CHAMBERS) RENEWED ORDER TO SHOW CAUSE RE: DISMISSAL OF CASE FOR LACK OF JURISDICTION**

On January 23, 2024, the court issued an order to show cause why the court should not dismiss this action for lack of subject matter jurisdiction. (Dkt. 10.) The court noted the Complaint in this case did not allege the citizenships of the members of Defendant Charles Kirkland Companies, LLC, which prevented the court from finding the parties were completely diverse as required to establish diversity jurisdiction in this case, 28 U.S.C. § 1332. (*See id.* at 1.) The court has not received a response to its order.

"Federal courts are courts of limited jurisdiction, possessing only that power authorized by Constitution and statute," *Gunn v. Minton*, 568 U.S. 251, 256 (2013) (citation and internal quotation marks omitted), and "have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party," *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 501 (2006). "In civil cases, subject matter jurisdiction is generally conferred upon federal district courts either through diversity jurisdiction, 28 U.S.C. § 1332, or federal question jurisdiction, 28 U.S.C. § 1331." *Peralta v. Hisp. Bus., Inc.*, 419 F.3d 1064, 1069 (9th Cir. 2005). Plaintiffs in this case allege only claims under state law, (*see generally* Dkt. 13), and so it appears the Complaint intends to invoke this court's diversity jurisdiction, *see* 28 U.S.C. § 1332.

___

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 8:23-cv-02445-FWS-KES                                          Date: April 11, 2024
Title: Ameris Bank v. Charles Kirkland Companies LLC *et al.*

___

    Diversity jurisdiction requires complete diversity between the parties and that the amount in controversy exceeds $75,000. *See Strawbridge v. Curtiss*, 7 U.S. (3 Cranch) 267, 267 (1806); 28 U.S.C. § 1332(a); *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373 (1978) ("[D]iversity jurisdiction does not exist unless *each* defendant is a citizen of a different State from *each* plaintiff."); *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003) ("Jurisdiction founded on 28 U.S.C. § 1332 requires that the parties be in complete diversity and the amount in controversy exceed $75,000."). If a party is a partnership, limited liability company, or other unincorporated association, the court must consider the citizenship of each of the partners, including limited partners, or members, must be alleged. *Carden v. Arkoma Assocs.*, 494 U.S. 185, 195-96 (1990); *Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006). If a party is a corporation, the complaint must allege both its state(s) of incorporation and principal place of business. 28 U.S.C. § 1332(c); *Harris v. Rand*, 682 F.3d 846, 850 (9th Cir. 2012). If a party is a natural person, the complaint must allege their state of domicile, which is their permanent home, where they reside with the intention to remain or to which they intend to return. *Ehrman v. Cox Commc'ns, Inc.*, 932 F.3d 1223, 1227 (9th Cir. 2019).

    As the court previously noted, the Complaint does not sufficiently allege the identities nor the citizenships of Defendant Charles Kirkland Companies LLC's members in the Complaint. *See Johnson*, 437 F.3d at 899; *Carden*, 494 U.S. at 195-96; (Dkt. 10 at 1). Because the Complaint therefore does not adequately allege complete diversity of the parties as required by 28 U.S.C. § 1332, the court **ORDERS** Plaintiff[1] to show cause, in writing, why this matter should not be dismissed without prejudice for lack of subject matter jurisdiction **on or before April 26, 2024**. *See* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."). If the court receives no response to this Order on or before the deadline set by the court, the court will dismiss this action without prejudice as to any action filed in state court. *See id.*

    **IT IS SO ORDERED**.

___

[1] Plaintiff bears the burden to establish the court's subject matter jurisdiction in this action. *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).

___